UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KYONG MI, HONG,<br><br>                         Plaintiff,<br><br>-against-<br><br>JUSTIN SUN; TRON FOUNDATION LIMITED; BITTORRENT FOUNDATION LTD.,<br><br>                         Defendants. | 23-CV-5500 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who resides in the Republic of Korea, brings this action *pro se*. For the reasons set forth below, the Court denies Plaintiff's request to limit the public's access to his court filings, and grants Plaintiff an extension of 30 days to either pay the $402.00 in fees required to bring a civil action in this court, or to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, to submit a completed IFP application.

## DISCUSSION

### A.    Filing fees or IFP application

      By order dated July 27, 2023, the Court directed Plaintiff, within 30 days, to either pay the $402.00 in fees required to file a civil action in this court, or to submit a completed IFP application. It has come to the Court's attention that its July 27, 2023 order was not transmitted to Plaintiff until September 7, 2023, after the time to comply with the order had expired.[1] In light of the delay in transmitting the order, the Court grants Plaintiff an extension of time to comply with the Court's order. Plaintiff must either pay the required fees or submit an IFP application within 30 days of the date of this order. If Plaintiff chooses to pay the fees, he may do so by

---

[1] Plaintiff has consented to receive electronic service of documents in this case. (ECF 2.)

certified check or money order to: United States District Court for the Southern District of New York, Attn: Cashier, 500 Pearl Street, Room 260, New York, NY 10007. Alternatively, payment may be made in person by credit card or cash.

**B.     Requests to limit public access**

On September 5, 2023, the Court received from Plaintiff two email letters asking the Court to "change [his] case to 'private.'" (ECF 4, at 2.) Plaintiff states that he received an email, and possibly a phone call, from a "man claiming to be a journalist," who was inquiring about his case. (ECF 5, at 1.) The journalist told Plaintiff that he obtained his contact information from Plaintiff's "litigation file" available on the Public Access to Court Electronic Records ("PACER") system. (*Id.*; ECF at 4, at 1.) Plaintiff states that he is "scared and worried that [the journalist] contacted" him. (ECF 5, at 1.) He asks the Court to "treat my case as 'private' (not 'public')." (*Id.*)

The Court construes Plaintiff's letter as a motion to proceed anonymously or under a pseudonym and a request that all documents in his case be placed under seal.

1.     Motion to proceed under a pseudonym

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). Courts have, however, permitted a party to proceed anonymously or under a pseudonym in a limited number of circumstances. When a court is deciding whether to permit a party to proceed anonymously or under a pseudonym, the United States Court of Appeals for the Second Circuit has articulated the following nonexhaustive list of ten factors that a court should consider:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189-90 (alterations, ellipses, quotation marks, and citations omitted). "[T]his factor-driven balancing inquiry requires a district court to exercise its discretion in the course of weighing competing interests. . . ." *Id.* at 190 (citation omitted).

The Court has considered these factors and denies Plaintiff's motion to proceed anonymously or under a pseudonym. Plaintiff, who is an international investor, brings this action alleging that Defendants violated his rights when they engaged in securities fraud. Plaintiff also states that this action is related to another case pending in this court, in which the United States Securities and Exchange Commission is suing several of the same defendants. *See Sec. & Exchange Comm'n v. Sun*, No. 23-CV-2433 (ER) (S.D.N.Y.). Such allegations are a matter of public concern and weigh against Plaintiff's proceeding under a pseudonym.

Plaintiff's sole argument for proceeding anonymously or under a pseudonym is that he was "scared" and "worried" when a reporter contacted him after finding his contact information through PACER, a public electronic database of court filings. Plaintiff alleges no facts suggesting that disclosing his identity or contact information places him or anyone else at risk of retaliatory

physical or mental harm. He is presumably an adult, and he does not allege that he is particularly vulnerable to any possible harm. Whether or not he intended to do so,[2] by initiating this action in a United States District Court, Plaintiff has made his name a matter of public record. That Plaintiff waited more than nine weeks after filing a public complaint before requesting that his identity be kept private also weighs against granting his request.

For these reasons, the Court concludes that the circumstances here are not sufficiently extraordinary to outweigh the presumption of public access. The Court therefore denies Plaintiff's motion to proceed anonymously or under a pseudonym without prejudice to renewal at a later time with appropriate justification.

C.     **Motion to proceed under seal**

The Court can also construe Plaintiff's motion as requesting to seal the documents filed in his case. Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). This right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 598-99.

The United States Court of Appeals for the Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be made available to the public. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the Court must determine whether the document is indeed a "judicial document," to which the public has a

---

[2] In his letter, Plaintiff states that he was not aware that his complaint would be made public, and he suggests that, under Korean law, the personal information of litigants is not made public. (*See* ECF 4, at 1.)

presumptive right of access. *Id.* at 119. Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks and citation omitted). Second, if the Court determines that the materials to be sealed are judicial documents, then the Court must determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Finally, "the court must balance competing considerations against it." *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotation marks and citation omitted). The fact that documents have been publicly available for some time weighs against sealing them. *See United States v. Basciano*, Nos. 03-CR-0929. 05-CR-0060, 2010 WL 1685810, at *3-4 (E.D.N.Y. Apr. 23, 2010) (privacy interest in sealing documents was weakened by the fact that the public was already aware of the relevant information). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such an action." *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

      Here, the document Plaintiff seeks to seal – his complaint – is clearly a "judicial document." As discussed above, Plaintiff has not demonstrated that any privacy risks or potential harm he may experience as a result of publicly litigating this action outweigh the presumed public access to the judicial process. The Court therefore denies Plaintiff's motion to seal without prejudice to renewal at a later time with appropriate justification.

If Plaintiff chooses to proceed with this action, within 30 days of the date of this order, he must either pay the $402 in filing fees or submit an application to proceed IFP. If Plaintiff fails to pay the fees or submit an IFP application within the time prescribed the Court will dismiss the action without prejudice.

## CONCLUSION

The Court denies Plaintiff's motions to proceed anonymously or under a pseudonym and to proceed under seal without prejudice to renewal at a later time. (ECF 4, 5.)

The Court grants Plaintiff an extension to pay the fees to bring this action or to submit an IFP application. Plaintiff must either pay the fees or submit an IFP application within 30 days of the date of this order. An IFP application is attached to this order. If Plaintiff fails to comply within the time allowed, the complaint will be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 11, 2023
         New York, New York

                                                      /s/ Laura Taylor Swain
                                                      LAURA TAYLOR SWAIN
                                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
(Full name(s) of the plaintiff or petitioner applying (each person must submit a separate application)

-against-

_____
_____
_____
(Full name(s) of the defendant(s)/respondent(s).)

_____ CV _____ ( ) ( )
(Enter case number and initials of assigned judges, if available; if filing this with your complaint, you will not yet have a case number or assigned judges.)

**APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS**

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings and I believe that I am entitled to the relief requested in this action. In support of this application to proceed *in forma pauperis* ("IFP") (without prepaying fees or costs), I declare that the responses below are true:

1. *Are you incarcerated?*     ☐ Yes     ☐ No    (If "No," go to Question 2.)
   I am being held at: _____

   Do you receive any payment from this institution?   ☐ Yes   ☐ No
   Monthly amount: _____

   If I am a prisoner, *see* 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization" directing the facility where I am incarcerated to deduct the filing fee from my account in installments and to send to the Court certified copies of my account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2. Are you presently employed?    ☐ Yes    ☐ No
   If "yes," my employer's name and address are:

   Gross monthly pay or wages: _____

   If "no," what was your last date of employment? _____

   Gross monthly wages at the time: _____

3. In addition to your income stated above (which you should not repeat here), have you or anyone else living at the same residence as you received more than $200 in the past 12 months from any of the following sources? Check all that apply.

   (a) Business, profession, or other self-employment     ☐ Yes     ☐ No
   (b) Rent payments, interest, or dividends              ☐ Yes     ☐ No

(c) Pension, annuity, or life insurance payments ☐ Yes ☐ No
(d) Disability or worker's compensation payments ☐ Yes ☐ No
(e) Gifts or inheritances ☐ Yes ☐ No
(f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.) ☐ Yes ☐ No
(g) Any other sources ☐ Yes ☐ No

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

If you answered "No" to all of the questions above, explain how you are paying your expenses:

4. How much money do you have in cash or in a checking, savings, or inmate account?

5. Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:

6. Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:

7. List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):

8. Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:

*Declaration:* I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

Dated

Signature

Name (Last, First, MI)

Prison Identification # (if incarcerated)

Address     City     State     Zip Code

Telephone Number

E-mail Address (if available)

IFP Application, page 2