UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KYONG MI HONG,

               Plaintiff,

      -against-

JUSTIN SUN; TRON FOUNDATION LIMITED;
BITTORRENT FOUNDATION LTD.,

              Defendants.

23-CV-5500 (LTS)

ORDER DENYING IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff commenced this action on June 27, 2023, by filing a complaint using the Court's procedures for permitting *pro se* litigants to file documents by email. By order dated July 27, 2023, the Court directed Plaintiff to either pay the $402.00 in fees required to file a civil action in this court, or to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, to submit an IFP application.[1] (ECF 3.) On September 11, 2023, Plaintiff submitted an IFP application, but he did not provide answers to most of the questions on the application. (ECF 7.) Because Plaintiff did not provide sufficient information for the Court to conclude that he was unable to pay the fees, by order dated September 14, 2023, the Court directed Plaintiff to file an amended IFP application that answers all applicable questions and provides facts showing that he is unable to pay the filing fees. (ECF 8.)

---

[1] On September 5, 2023, the Court received two email letters from Plaintiff asking the Court to "change [his] case to 'private.'" (ECF 4, at 2.) By order dated September 11, 2023, the Court construed his email letters as a motion to proceed anonymously or under a pseudonym and a motion to proceed under seal, and denied his motions. (ECF 6.) On September 17, 2023, Plaintiff filed another request for the Court "treat [his] case as 'private' (not 'public')" the same reasons he stated in his prior requests. (ECF 10, at 1.) The Court denies Plaintiff's request for the reasons stated in its September 11, 2023 order. (*See* ECF 6, at 2-6.)

On September 17, 2023, Plaintiff filed an amended IFP application. (ECF 9.) Plaintiff answers the applicable questions, but his responses do not show that he is unable to pay the $402.00 in fees required to file a civil action. Plaintiff states that he is currently employed, earning $4,507.89 a month, and that his monthly expenses are $1,878.29, an amount that is less than half of his monthly income. Plaintiff also states that he has a significant amount of money in a savings account.

The Court therefore denies Plaintiff leave to proceed in this Court without prepayment of fees because Plaintiff has sufficient assets to pay the fees. *See* 28 U.S.C. § 1915(a)(1). Plaintiff is directed to pay $402.00 in fees – a $350.00 filing fee and a $52.00 administrative fee – within 30 days of the date of this order. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

## CONCLUSION

The Court denies Plaintiff's request for to proceed IFP because Plaintiff has sufficient assets to pay the fees. *See* 28 U.S.C. § 1915(a)(1).

Plaintiff is directed to pay $402.00 in fees – a $350.00 filing fee and a $52.00 administrative fee – within 30 days of the date of this order. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

Plaintiff's renewed request to limit public access to his case is denied for the reasons stated in the Court's September 11, 2023 order. (*See* ECF 6, at 2-6.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 22, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge