UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KYONG MI HONG,

                Plaintiff,

      -against-

JUSTIN SUN; TRON FOUNDATION LIMITED; BITTORRENT FOUNDATION LTD.,

                Defendants.

23-CV-5500 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff commenced this action on June 27, 2023, by filing a complaint using the Court's procedures for permitting *pro se* litigants to file documents by email. By order dated July 27, 2023, the Court directed Plaintiff to either pay the $402.00 in fees required to file a civil action in this court, or to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, to submit an IFP application. (ECF 3.)

      On September 5, 2023, the Court received two email letters from Plaintiff asking the Court to "change [his] case to 'private.'" (ECF 4, at 2.) By order dated September 11, 2023, the Court construed his email letters as a motion to proceed anonymously or under a pseudonym and a motion to proceed under seal, and denied his motions. (ECF 6.) On September 17, 2023, Plaintiff filed another request for the Court to "treat [his] case as 'private' (not 'public')" for the same reasons he stated in his prior requests. (ECF 10, at 1.) By order dated September 22, 2023, the Court denied Plaintiff's request for the reasons stated in its September 11, 2023 order. (*See* ECF 6, at 2-6.)

On October 4, 2023, Plaintiff paid the fees to bring this action.[1]

On October 9, 2023, Plaintiff filed another letter in which he states that he "previously received additional documents, submitted the check to the court, and submitted it to the finance department." (ECF 12, at 1.) Plaintiff states that he would "like the withdraw the additional documents [he] submitted" and that "[t]he gist of the document was 'Please treat me case as a closed case.'" (*Id.*) Plaintiff "learned from [court] staff, wire, e-mail, etc. that all criminal cases are treated as 'open' [to public access] in New York court" and he "want[s] to follow the rules of the New York court." (*Id.*) Plaintiff further states that "[t]he judge does not need to review my papers because [he is] withdrawing [his] additional documents." (*Id.*) He also asks the Court to "let [him] know by email how I can get my check back." (*Id.*)

Because Plaintiff requests a refund of the filing fees for this case, states that a judge does not need to review his "papers," and continues to express concerns about publicly litigating this case, the Court construes his October 9, 2023 letter as a motion to voluntarily withdraw this action under Federal Rule of Civil Procedure 41(a), and as a request for the refund of the $402.00 in filing fees. The Court grants Plaintiff's request to voluntarily dismiss this action without prejudice under Rule 41(a).

Because Plaintiff's letter could also be construed as a request to withdraw only certain documents rather than the entire action, the Court grants Plaintiff 30 days' leave to inform the Court if he wishes to proceed with this action.[2] If Plaintiff does not want to withdraw this action,

---

[1] On September 11, 2023, Plaintiff submitted an IFP application, but he did not provide answers to most of the questions on the application. (ECF 7.) Because Plaintiff did not provide sufficient information for the Court to conclude that he was unable to pay the fees, by order dated September 14, 2023, the Court directed Plaintiff to file an amended IFP application that answers all applicable questions and provides facts showing that he is unable to pay the filing fees. (ECF 8.)

[2] The Court will not physically return to Plaintiff any of the documents that he has filed.

he must, within 30 days of the date of this order, submit a letter to the Court <u>clearly stating</u> that he would like to proceed with this action.[3] If Plaintiff proceeds with this action, he will not receive a refund of the filing fees.

If Plaintiff does not submit a letter to the Court in which he clearly expresses his desire to proceed with this action within the prescribed time, the Court will issue an order closing this case. The Court will also direct the Clerk of Court to refund Plaintiff the $402.00 in fees.[4]

## CONCLUSION

The Court construes Plaintiff's October 9, 2023 letter (ECF 12) as a motion to voluntarily withdraw this action under Federal Rule of Civil Procedure 41(a), and as a request for the refund of the $402.00 in filing fees. The Court grants Plaintiff's request and dismisses this action without prejudice under Rule 41(a).

If Plaintiff <u>does not</u> want to withdraw this action, he must, within 30 days of the date of this order, submit a letter to the Court <u>clearly stating</u> that he would like to proceed with this action. If Plaintiff proceeds with this action, he will not receive a refund of the filing fees.

---

[3] Plaintiff captions his initial submission as a "Criminal Complaint." (*See* ECF 1, at 3.) The Court has previously indicated that it is construing Plaintiff's submission as a civil action. (*See* ECF 3, 6, 8.) In his most recent letter, Plaintiff again suggests that he believes this action to be a "criminal case." (*See* ECF 12, at 1.) A private individual may not bring criminal charges in federal court, however, because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981); *see Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972) (prosecutors possess discretionary authority to bring criminal actions and they are "immunity from control or interference by citizen or court"). If Plaintiff chooses to proceed with this action, the Court will continue to construe his submission as a civil action.

[4] The Clerk of Court will issue Plaintiff a new check for $402.00; his specific check will not be returned.

If Plaintiff does not submit a letter to the Court in which he clearly expresses his desire to proceed with this action within the prescribed time, the Court will issue an order closing this case. The Court will also direct the Clerk of Court to refund him the $402.00 in fees.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  October 13, 2023
        New York, New York

                                             /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                         Chief United States District Judge