UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KYONG MI HONG,<br><br>        Plaintiff,<br><br>    -against-<br><br>JUSTIN SUN, TRON FOUNDATION LTD., and BITTORRENT FOUNDATION LTD.,<br><br>        Defendants. | 1:23-cv-05500 (JLR)<br><br>**MEMORANDUM OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On March 17, 2025, Plaintiff filed an application to proceed *in forma pauperis*. Dkt. at 27. The same day, Plaintiff also filed an application for the Court to request *pro bono* counsel. Dkt. at 28. For the following reasons, Plaintiff's applications are denied.

## LEGAL STANDARD

"The decision of whether to grant a request to proceed *in forma pauperis* is left to the District Court's discretion." *Deliston v. Smokeshack*, No. 16-cv-03628, 2016 WL 4530889, at *1 (S.D.N.Y. Aug. 16, 2016) (quoting *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 322 (S.D.N.Y. 2010)). The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay

counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" — "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

As an initial matter, Plaintiff filed an *in forma pauperis* (IFP) application on March 17, 2025. Dkt. 27. Plaintiff reports a monthly income of $3,850 and $10,312.82 in savings. Dkt. 27. Based on Plaintiff's reported income and savings, the Court does not find a basis to grant Plaintiff's application for leave to proceed *in forma pauperis* or to otherwise find the Plaintiff

indigent. That by itself is sufficient reason to reject Plaintiff's application for pro bono counsel. *Hodge*, 802 F.2d at 61-62.

Moreover, at this early stage of the case, the Court cannot make a finding that Plaintiff's claims are "likely to be of substance," *Hodge*, 802 F.2d at 61-62, such that he is entitled to pro bono counsel. Plaintiff asserts that he is the owner of "TRX" crypto asset securities that he deposited into the "Tronlink pro application" operated by the Bittorrent Foundation Ltd. Plaintiff alleges that his crypto assets have since been converted into frozen assets in the Tronlink pro application and that the Tron Foundation has not responded to his requests to reissue those securities.

Plaintiff has not yet served Defendants. Based on what has been alleged thus far, the Court cannot make a determination at this juncture that Plaintiff's claims will require substantial investigation, that the claims presented are complex, or that there is any other special reason why appointment of counsel would lead to a "quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61. *See, e.g., Washington v. Chase Bank N.A.*, No. 22-cv-01540 (LJL), 2022 WL 4238102, at *1 (S.D.N.Y. Sept 14, 2022) (denying motion for appointment of counsel because of early stage of the case); *Eiche v. Kuakazi*, No. 221-cv-10712, 2022 WL 1517242, at *1 (S.D.N.Y. Apr. 27, 2022 ) (same).

## CONCLUSION

For the foregoing reasons, Plaintiff's applications to proceed *in forma pauperis* and for the Court to request pro bono counsel are DENIED.

Dated: March 20, 2025
       New York, New York

SO ORDERED

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge